**ALD-231**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1569
_____

SOLOMON MARCELLUS MILLER,
                                                                Appellant

v.

PECO EXELON; LYNN R. ZACK;
PHILADELPHIA WATER REVENUE;
(PGW) PHILADELPHIA GAS WORKS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 19-cv-00231)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 11, 2019

Before:  MCKEE, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed:  August 20, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Solomon Miller, a self-represented litigant, filed a complaint and amended complaint in the United States District Court for the Eastern District of Pennsylvania, complaining primarily that the named Defendants are liable to him because they refused to accept "Government Obligations Remittance Coupons" he had prepared as "tender" for payment of his utility bills. As the District Court noted, Miller's logic appears to be based on, inter alia, his understanding of the Uniform Commercial Code and a belief that "there is no lawful money." See Am. Compl. at 3 (ECF No. 10). After granting Miller's application to proceed in forma pauperis ("IFP"), the District Court screened the complaint and dismissed it as legally frivolous. The court also denied a "Motion Appointing Executors" that had been filed by Orlando Antonio Acosta, a person who apparently holds a power of attorney "for beneficiary of the Mr. Miller's estate." See Mot. at 1 (ECF No. 5). The court noted that it was unclear whom Acosta was claiming to represent and that, in any event, he may not represent Miller given the fact that he is not an attorney.

Like the District Court, we have an obligation under the IFP screening provisions to determine if "the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). We have determined that there is no merit to this appeal. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (explaining that an appeal is frivolous where none of the legal points has arguable merit). Other than baseless assertions, Miller provides no factual or legal support for the conclusion that Defendants' refusal to accept his coupons as payment for the monies he owes for utility services gives rise to a federal cause of action.

2

Moreover, granting Miller further leave to amend his complaint would have been futile in this case.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).[1]  We thus will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1]  We likewise find no fault with the District Court's denial of the "Motion Appointing Executors."  As the District Court noted, we have previously informed Miller and Acosta that, because Acosta is not a licensed attorney, he may not represent Miller in federal court.  See Miller v. Burt, 765 F. App'x 834, 836 (3d Cir. 2019).